**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**EL TAPATIO, INC. dba EL TEJADO MEXICAN RESTAURANT,**

    Plaintiff,

v.

**HAMILTON SPECIALTY INSURANCE COMPANY,**

    Defendant.

---

**NOTICE OF REMOVAL**

---

    COMES NOW, Defendant, Hamilton Specialty Insurance Company ("Hamilton"), by and through its attorney, Justin C. Mankin of Montgomery Amatuzio Chase Bell Jones, LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds therefor, Hamilton states as follows:

    1.    On May 7, 2019, Plaintiff El Tapatio dba El Tejado Mexican Restaurant ("Plaintiff") filed its Complaint against Hamilton in the District Court for Jefferson County, Colorado. *See* **Exhibit A**, Complaint. The Complaint asserts, *inter alia*, that Hamilton breached its insurance contract with Plaintiff, breached its duty of good faith and fair dealing, and unreasonably delayed and denied payment of "covered benefits" pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116. *See e.g. id.* at ¶¶ 89, 110, 130-31. The Complaint further seeks declaratory relief by requesting that this Court order the parties to participate in an appraisal. *Id.* at ¶ 83.

2. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a Notice of Removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("Dart") (quoting 28 U.S.C. § 1446(a)).

3. The diversity requirement of § 1332(a) is satisfied here as the parties are completely diverse. Plaintiff alleges that it is "a Colorado corporation with its principal office in Lakewood, Colorado." *See* **Ex. A** at ¶ 2. Hamilton's, n/k/a Blackboard Specialty Insurance Company, state of incorporation is Delaware, and its principal place of business is located at 1209 Orange Street, Wilmington, Delaware 19801. **Exhibit B**, Business Entity Summary.

4. This matter arises from a disputed property insurance claim occurring while a policy of insurance issued by Hamilton to Plaintiff was in effect. **Ex. A** at ¶ 8. Plaintiff alleges that on May 8, 2017, its property located at 5390 Wadsworth Bypass, Arvada, Colorado 80002 suffered physical loss and damage as a result of hail and/or wind. **Ex. A** at ¶¶ 10, 33. Plaintiff alleges Hamilton retained Ethan Swancer to evaluate the claimed physical loss and damage to the property, who thereafter generated an estimate "outlining" $192,630.12 in replacement cost value benefits and $158,749.68 in actual cash value benefits required to repair the property. **Ex. A** at ¶¶ 42, 44. Plaintiff, however, alleges this estimate was inadequate and failed to fully indemnify Plaintiff for the physical loss and damages it claimed to have been sustained. *See e.g.* **Ex. A** at ¶ 45. Through this lawsuit, Plaintiff seeks recovery for replacement cost value benefits and actual cash value benefits to repair the property at or around the values identified above, *see*

**Ex. A** at ¶ 44, plus statutory damages, including attorney's fees, court costs and two times the covered benefit *allegedly* delayed or denied. *Id*. at ¶¶ 134-35. These assertions, therefore, are sufficient to show that the amount in controversy exceeds $75,000.00.

5.   Aside from the allegations contained in the Complaint, the Tenth Circuit Court of Appeals ruled that the Civil Cover Sheet filed in Colorado state court actions satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).") (citing *Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000.00 is sought by Plaintiff against Hamilton, exclusive of interest and costs. **Exhibit C**, p. 2, Civil Cover Sheet. Therefore, the jurisdictional amount in controversy has been met.

6.   The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Hamilton was served on June 3, 2019. *See* **Exhibit D**, Affidavit of Service. Thus, this Notice of Removal is timely, as Hamilton has filed the same within thirty days after service of the initial pleading, which provided Hamilton with sufficient information to ascertain removability.

7. Pursuant to 28 U.S.C. § 1446(d), Hamilton will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

8. As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers filed in this matter in the District Court for Jefferson County, Colorado, are attached to this Notice of Removal as specifically referenced exhibits; a current docket sheet is filed under separate cover. Hamilton will also separately file each pending motion, petition, and related response, if any.

9. Pursuant to D.C.Colo.LCivR 81.1, Hamilton represents that no motion hearings are currently set in the state court action and no trial date has been set.

10. By filing this Notice of Removal, Hamilton does not waive any defenses that may be available to it.

Dated July 3, 2019

    MONTGOMERY AMATUZIO
    CHASE BELL JONES, LLP

    By: */s/Justin C. Mankin*
        Justin C. Mankin
        4100 E. Mississippi Ave, 16th Floor
        Denver, Colorado 80246
        Telephone: (303) 592-6600
        Fax: (303) 592-6666
        jmankin@mac-legal.com

    ATTORNEYS FOR DEFENDANT
    HAMILTON SPECIALTY INSURANCE
    COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was prepared for service to the following in the manner indicated below:

*Counsel for Plaintiff:*
Jonathan E. Bukowski, Esq.
Larry E. Bache, Jr., Esq.
Timothy G. Burchard, II, Esq.
Merlin Law Group, P.A.
1001 – 17th St., Suite 1150
Denver, CO 80202
jbukowski@merlinlawgroup.com;
lbache@merlinlawgroup.com;
tburchard@merlinlawgroup.com

☐ U.S. Mail   ☒ E-mail   ☐ ECF

*s/Lisa M. Gruning*
[Signature on File: Lisa M. Gruning]